**XIU HUA WEI, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–6837–ag.**

United States Court of Appeals, Second Circuit.

Sept. 15, 2006.

Vlad Kuzmin, New York, New York, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Gina Walcott–Torres, Assistant United States

**34**

Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Xiu Hua Wei, a native and citizen of China, seeks review of a November 28, 2005 order of the BIA affirming the March 1, 2004 decision of Immigration Judge ("IJ") Roxanne Hladylowycz denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Hua Wei*, No. A97 152 602 (B.I.A. Nov. 28, 2005), *aff'g* No. A97 152 602 (Immig. Ct. N.Y. City Mar. 1, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ The IJ denied Wei's asylum claim because she failed to prove that she filed her application within one year of entry into the United States, or that changed or extraordinary circumstances prevented her from filing on time. The BIA also noted that Wei failed to present sufficient evidence that she filed her application within a reasonable time of any changed or extraordinary circumstances. The plain language of 8 U.S.C. § 1252(a)(2)(D) confers jurisdiction on this Court to review only constitutional claims or questions of law relating to the one-year bar. *See Xiao Ji Chen*, 434 F.3d at 151–52. In this case, Wei argues only that the IJ and BIA erred in their factual determinations of the one-year bar. Since these are neither questions of law nor constitutional claims, this Court lacks jurisdiction to review Wei's asylum claim. *Id.* at 154.

Although this Court lacks jurisdiction over Wei's asylum claim, it can still review her withholding of removal claim. Although Wei may be correct that the IJ's corroboration finding, with respect to her past persecution claim, was flawed because the IJ failed to identify the particular missing documents and explain how they were reasonably available, *see Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003), the BIA also denied Wei's past persecution claim because it found that the events she experienced in China did not rise to the level of past persecution. Wei failed to make any arguments as to why this finding by the BIA was erroneous. Without addressing this finding, Wei has failed to present sufficient arguments as to why the agency erred in denying her past persecution claim. Accordingly, we con-

sider her past persecution claim waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

The BIA denied Wei's future persecution claim after finding that she failed to prove that the birth of her two children in the United States would subject her to persecution upon her return to China. The BIA also denied her motion to remand based on the birth of her third child because she failed to prove that the birth of this child would change the result in her case or that it established *prima facie* eligibility for relief. It is unclear whether Wei actually challenges the denial of her motion to remand in her brief to this Court, but since the BIA made the same findings with respect to both her withholding of removal claim and the motion to remand, we will consider them simultaneously. As opposed to the substantial evidence standard, the abuse of discretion standard is used for a motion to remand. *See Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 151 (2d Cir.2005).

■ In finding that Wei failed to prove a clear probability of persecution, either based on the birth of two or three children, the BIA relied on the 2004 Asylum Profile, which was submitted with the government's response to Wei's first motion to remand. That report indicates that there is no indication of a national policy against U.S.-born children. The Profile explains that individuals are generally subject to fines and "would be expected to conform to the restrictions in Chinese law on future offspring." It further states that U.S. diplomats are unaware of any forced sterilization procedures resulting from the return of Chinese nationals with children born abroad. Overall, this Profile conveys that Wei would perhaps be subject to a fine upon her return to China. However, as the IJ noted, however, Wei failed to prove

that any fines she received would amount to persecution.

Wei also submitted various documents regarding the family planning policy when she filed her application with the IJ. However, none of the articles submitted discusses whether there is a national or regional policy regarding the treatment of parents with multiple children born in the United States. In addition, Wei submitted an affidavit from Dr. John Aird, which describes the treatment of U.S.-born children of Chinese citizens under the family planning policy. Though Dr. Aird's affidavit offers general information about the policy, because the affidavit was not specifically prepared for Wei and is not particularized with regard to her circumstances, its relevance is limited. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir. 2006).

Wei argues that the BIA failed to consider all of the documents in the record in determining whether she would be persecuted under the family planning policy. Although the BIA did not discuss all of the individual documents in the record, it is not required to do so; this Court can assume that the BIA carefully considered all of the information in the record when making its decision. *See Xiao Ji Chen,* 434 F.3d at 160. Moreover, the BIA was not required to consider all of the documents Wei submitted with her brief, as the brief was untimely and rejected by the BIA. Accordingly, the BIA's determination that Wei failed to prove that she would be persecuted on account of having children born in the United States is supported by substantial evidence. In addition, the BIA did not abuse its discretion in denying her motion to remand based on the birth of a third child in the United States. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (stating that an applicant's well-founded fear claim based on U.S.-born

children was "speculative at best" when he failed to present "solid support" that he would be subject to the family planning policy upon his return to China); *see also Matter of C–C–,* 23 I. & N. Dec. 899, 2006 WL 805042 (2d Cir.2006) (holding that an individual must provide specific evidence that returning Chinese nationals with U.S.-born children will be subjected to forced sterilization or other persecution under the family planning policy in order to demonstrate a likelihood of future persecution).

The government is correct that Wei mentions torture under the family planning policy only once in her brief to this Court. This Court has held that a petitioner must provide more than a single sentence in order to raise an issue for review. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005). Accordingly, her CAT claim with respect to the family planning issues is waived. In her brief Wei argues for the first time that she would be subject to torture upon her return to China because she departed the country illegally. Since Wei did not raise an illegal departure CAT claim to the agency, it is not exhausted, and this Court lacks jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

Accordingly, the petition for review is DISMISSED for lack of jurisdiction with respect to petitioner's asylum claim and DENIED with respect to her withholding of removal claim, CAT claim, and motion to remand. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).